UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 OCT 12  AM 11:00

CLERK

BY
DEPUTY CLERK

| | |
|---|---|
| JESSICA GINGRAS and ANGELA C. GIVEN, on behalf of themselves and all others similarly situated, ) ) ) ) ) Plaintiff, ) ) v. ) ) VICTORY PARK CAPITAL ADVISORS, ) LLC, VICTORY PARK MANAGEMENT, ) LLC, GPL SERVICING, LTD., GPL ) SERVICING AGENT, LLC, GPL ) SERVICING TRUST, GPL SERVICING ) TRUST II, HAYNES INVESTMENTS, LLC ) and JOHN DOES 1-10, ) ) Defendants. | Case No. 5:17-cv-233<br><br>JURY TRIAL DEMAND |

**STIPULATION AND ORDER TO EXTEND STAY OF PROCEEDINGS**

The following is hereby stipulated and agreed by and between Jessica Gingras and Angela C. Given, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), Victory Park Capital Advisors, LLC, Victory Park Management, LLC, GPL Servicing, LTD., GPL Servicing Agent, LLC, GPL Servicing Trust, GPL Servicing Trust II, and Haynes Investments, LLC ("Haynes") (collectively, "Defendants"):

1. On November 21, 2017, Plaintiffs filed the above-captioned action, asserting claims under the Electronic Funds Transfer Act, the Vermont Consumer Fraud Act, the Racketeer Influenced and Corrupt Organizations Act, and for unjust enrichment. Plaintiffs' claims arise from loans they allegedly entered into over the internet in the name of Plain Green, LLC ("Plain Green"), which purports to be a wholly owned business of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation. *See generally,* Complaint [ECF No. 1].

2. A substantially similar class action arising from the same allegedly unlawful lending practices involving Plain Green loans has been pending before this Court since May 13, 2015. In that action, *Gingras, et al. v. Rosette, et al.*, No. 1:15-cv-101 (D. Vt.) (the "Related Lending Action"), Plaintiffs allege similar claims against certain officers of Plain Green and various other defendants allegedly involved in the creation, management, and operation of Plain Green. *See id.;* First Am. Compl. [Related Lending Action at ECF No. 18].

3. On May 18, 2016, this Court issued an Opinion and Order denying certain motions to dismiss and motions to compel arbitration filed by the defendants in the Related Lending Action. *See Gingras v. Rosette*, No. 5:15-cv-101, 2016 WL 2932163 (D. Vt. May 18, 2016) (Crawford, G.). The defendants in the Related Lending Action appealed this Court's Order and presented two issues to the United States Court of Appeals for the Second Circuit for determination: (1) whether this Court erred in denying certain defendants' motions to dismiss on the basis of tribal sovereign immunity; and (2) whether this Court erred in refusing to compel Plaintiffs to arbitrate their claims. *See* Brief for Appellants, *Gingras, et al. v. Rosette, et al.*, No. 16-2019 (2d Cir.) [No. 101]; Brief for Appellants, *Gingras, et al. v. Rosette, et al.*, No. 16-2019 (2d Cir.) [No. 105].

4. On August 22, 2016, this Court stayed the Related Lending Action pending the outcome of the appeal. *See* Opinion and Order, *Gingras, et al, v. Rosette, et al.*, No. 1:15-cv-00101-gwc (D. Vt.) [Related Lending Action at ECF No. 173]. Briefing in that appeal was completed on January 30, 2017. The Second Circuit heard oral argument on May 12, 2017. The Second Circuit has yet to issue an opinion in the Related Lending Action.

5. The Parties agree that this case presents substantially similar issues to the Related Lending Action on the arbitration issue and that the Second Circuit's decision on that question is likely to affect similar legal issues that may be raised in this case.

6. Federal district courts have the inherent authority to stay proceedings, an authority which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). To determine whether to stay proceedings, a court is only required to "examine the particular facts before it and determine the extent to which a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Range v. 480-486 Broadway*, LLC, 810 F.3d 108, 113 (2d Cir. 2015).

7. Accordingly, the Parties previously agreed that it was in the interests of justice to stay this matter pending the final resolution of the pending appeal in the Related Lending Action. The Parties further agreed that such a stay would not impose any hardship, inequity, or injustice upon any party, the public or the court. As such, on February 20, 2018, the Parties filed a joint motion staying the action until the earlier of (1) July 1, 2018 or (2) the first decision of the Second Circuit panel of the related appellate action, *Gingras, et al, v. Rosette, et al.*, No. 16-2019 (2d Cir.). [ECF No. 14.] The Court granted that motion the following day. [ECF No. 15.]

8. After July 1, 2018 arrived without a decision from the Second Circuit in *Gingras, et al, v. Rosette, et al.*, No. 16-2019 (2d Cir.) and the Parties continued productive conversations toward possible settlement, the Parties agreed that it was in the interests of justice to further stay the action by 30 days, or until July 31, 2018. [ECF No. 16.] The Court granted this stipulation on July 6, 2018. [ECF No. 17.]

9. After July 31, 2018 arrived without a decision from the Second Circuit in *Gingras, et al, v. Rosette, et al.*, No. 16-2019 (2d Cir.), and the Parties continued to make progress toward settlement in this action, the Parties agreed that it was in the interests of justice to further stay the action by an additional month, or until August 31, 2018. [ECF No. 18].

10. As August 31, 2018 has now arrived and (1) the Second Circuit has yet to rule in *Gingras, et al, v. Rosette, et al.*, No. 16-2019 (2d Cir.), and (2) the Parties continue to make progress toward settlement in this action, the Parties continue to agree that it is in the interests of justice to <u>extend this stay by 45 days from the date when the Parties filed this Stipulation, which is November 26, 2018</u>, so as to further await the Second Circuit's first decision in the related appellate action and to give the Parties additional time to advance settlement discussions, in the hopes of resolving the dispute.

11. Settlement efforts are ongoing and continue to be productive. In light of the ongoing settlement efforts, the Parties believe that it would be prudent to continue to stay all of the proceedings and deadlines in this matter to allow the parties to continue their efforts without the Court or the Parties dedicating resources to this litigation.

12. The Parties stipulate that although the previously agreed to stay only ran through August 31, 2018, for all practical purposes, the stay has effectively remained in place to date, and that Defendants should not be required to answer, or otherwise respond to the complaint during the pendency of the stay and that Defendants' deadline to answer, or otherwise respond to the complaint will be 30 days after the earlier of: (1) 45 days from the date when the Parties filed this Stipulation, which is November 26, 2018 or (2) the first decision of the Second Circuit panel of the related appellate action, *Gingras, et al, v. Rosette, et al.*, No. 16-2019 (2d Cir.) and that all deadlines for pleadings, discovery, and motion practice will begin to run starting on the earlier of the two dates.

13. The Parties further agree that Defendants all accept service of process and that service of process was in the United States.

14. The Parties further agree that nothing in this stipulation nor the entry of a stay in this matter shall constitute a waiver of any of the objections to venue, or the jurisdiction of this Court. Defendants expressly reserve all such objections, arguments, and defenses.

15. The Parties submit this motion in good faith and in the interest of conserving judicial and party resources, and not for the purpose of delay.

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned, attorneys for Plaintiffs and Defendants, that all pleadings, discovery, motion practice, and other deadlines in the above-captioned case should be further stayed for (1) 45 days from the date when the Parties filed this Stipulation, which is November 26, 2018 or (2) the first decision of the Second Circuit panel of the related appellate action, *Gingras, et al, v. Rosette, et al.*, No. 16-2019 (2d Cir.) and that Defendants shall have until 30 days after the earlier of the two dates to answer or otherwise respond to Plaintiffs' Complaint. If this Stipulation expires by its terms, the Parties will discuss whether any additional stay is warranted.

Stipulated to entry, notice of hearing hereby waived:

| **GRAVEL & SHEA PC** | **PRIMMER PIPER EGGLESTON & CRAMER PC** |
|---|---|
| By: */s/ Matthew B. Byrne*<br>Matthew B. Byrne<br>*Attorneys for Plaintiffs* | By: */s/ Gary F. Karnedy*<br>Gary F. Karnedy<br>*Attorneys for Victory Park Capital Advisors, LLC, Victory Park Management, LLC, GPL Servicing, LTD, GPL Servicing Agent, LLC, GPL Servicing Trust, GPL Servicing Trust II* |
| Dated: | Dated: |
| Gravel & Shea PC<br>76 St. Paul Street, 7th Floor<br>P.O. Box 369<br>Burlington, VT 05402-0369<br>(802) 658-0220 | Primmer Piper Eggleston & Cramer PC<br>30 Main Street, Suite 500<br>P.O. Box 1489<br>Burlington, VT 05402<br>(802) 864-0880 |
| & | & |

| | |
|---|---|
| **BERMAN TABACCO**<br><br>By: Kathleen M. Donovan-Maher<br>(admitted *pro hac vice*)<br>Steven J. Buttacavoli<br>(admitted *pro hac vice*)<br>Steven L. Groopman<br>(admitted *pro hac vice*)<br>Berman Tabacco<br>One Liberty Square<br>Boston, MA 02109<br>(617) 542-8300<br>*Attorneys for Plaintiffs* | **KIRKLAND & ELLIS LLP**<br><br>By: Aaron Marks (pro hac forthcoming)<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4856<br>*Attorneys for Victory Park Capital Advisors, LLC, Victory Park Management, LLC, GPL Servicing, LTD., GPL Servicing Agent, LLC, GPL Servicing Trust, GPL Servicing Trust II* |

**ELLIS BOXER & BLAKE PLLC**

By:  /s/ *Stephen D. Ellis*
Stephen D. Ellis, Esq.
*Attorneys for Haynes Investment, LLC*

Dated:

Ellis Boxer & Blake PLLC
One Lawson Lane, Suite 200
Burlington, VT 05401
802/399-2884
sdellis@ellisboxer.com

&

**DINSMORE & SHOHL, LLP**

By:  Andrew B. Clauss (admitted *pro hac vice*)
Timothy B. Anderson (admitted *pro hac vice*)
Adrienne C. Batty (admitted *pro hac vice*)
1800 John F. Kennedy Blvd.
Suite 1000
Philadelphia, PA 19103
(215) 732-8900
*Attorneys for Haynes Investment, LLC*

**SO ORDERED.**

Dated at Rutland, in the District of Vermont, this 12th day of October, 2018.

Geoffrey W. Crawford, Chief Judge
U. S. District Court

6

3561984.1